UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
§
DOROTHY J. BARTLETT § Case No. 15-35487
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 10/19/2015 . The undersigned trustee was appointed on 10/19/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 32,272.51 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 8,068.12 |
| Bank service fees | | 100.46 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 24,103.93 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 12/14/2017 and the deadline for filing governmental claims was 12/14/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,957.51 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,957.51 , for a total compensation of $ 1,957.51 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/25/2018                By:/s/BRENDA PORTER HELMS, TRUSTEE
                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-35487 | JSB | Judge: | Janet S. Baer | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|---|---|
| Case Name: | DOROTHY J. BARTLETT | | | | Date Filed (f) or Converted (c): | 10/19/2015 (f) |
| | | | | | 341(a) Meeting Date: | 11/10/2015 |
| For Period Ending: | 01/25/2018 | | | | Claims Bar Date: | 12/14/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence: 62 N. PARK BLVD, GLEN ELLYN IL 60137  Stay lifted per order 12/4/15 [dkt 18] | 200,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash | 50.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT AT COMMUNITY BANK OF GLEN ELLYN | 5,000.00 | 0.00 | | 0.00 | FA |
| 4. SAVINGS ACCOUNT AT COMMUNITY BANK OF GLEN ELLYN | 100.00 | 0.00 | | 0.00 | FA |
| 5. Household goods | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. Books/Collectibles | 450.00 | 0.00 | | 0.00 | FA |
| 7. Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. Jewelry | 700.00 | 0.00 | | 0.00 | FA |
| 9. FIDELITY IRA | 24,000.00 | 0.00 | | 0.00 | FA |
| 10. Surplus funds from foreclosure (u)  Trustee reopened case to administer surplus funds from foreclosure per order 7/7/17 [dkt 27] | 0.00 | 32,000.00 | | 32,272.51 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $232,300.00 | $32,000.00 | | $32,272.51 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

9/30/17: Case was reopened due to foreclosure surplus funds with DuPage County Clerk. Attorney has been hired to retrieve same.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-35487  
Case Name: DOROTHY J. BARTLETT  
Taxpayer ID No: XX-XXX8081  
For Period Ending: 01/25/2018

Trustee Name: BRENDA PORTER HELMS, TRUSTEE  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX3904  
Checking  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/13/17 | 10 | DuPage County Sheriff Chancery Surplus Trust | Turnover of mortgage surplus funds | 1210-000 | $32,272.51 | | $32,272.51 |
| 11/03/17 | 101 | Urban Assets Recovery | Research fee court order 8/11/17 (dkt 32) | 3731-000 | | $8,068.12 | $24,204.39 |
| 11/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $24.76 | $24,179.63 |
| 12/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $39.81 | $24,139.82 |
| 01/08/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $35.89 | $24,103.93 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $32,272.51 | $8,168.58 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $32,272.51 | $8,168.58 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $32,272.51 | $8,168.58 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                                            Page Subtotals:    $32,272.51    $8,168.58

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3904 - Checking | $32,272.51 | $8,168.58 | $24,103.93 |
|  | $32,272.51 | $8,168.58 | $24,103.93 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $32,272.51 |
| Total Gross Receipts: | $32,272.51 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-35487  
Debtor Name: DOROTHY J. BARTLETT  
Claims Bar Date: 12/14/2017  

Date: January 26, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | THE HELMS LAW FIRM PC<br>3400 W. LAWRENCE AVENUE<br>CHICAGO, IL 60625 | Administrative | Trustee fees requested | $0.00 | $1,957.51 | $1,957.51 |
| 100 2700 | CLERK OF THE US BANKRUPTCY COURT<br>219 S. DEARBORN<br>CHICAGO, IL 60604 | Administrative | Filing fee to reopen case. Fee deferred per order [dkt 27] | $0.00 | $260.00 | $260.00 |
| 100 3210 | Giagnorio & Robertelli, Ltd. | Administrative | Special counsel fees requested (retained per order 9/22/17 [dkt 40]) | $0.00 | $1,470.00 | $1,470.00 |
| 100 3220 | Giagnorio & Robertelli, Ltd. | Administrative | Special counsel expenses requested | $0.00 | $219.00 | $219.00 |
| 100 3731 | Urban Assets Recovery Solutions, LLC | Administrative | Contingency fees allowed and paid per order 7/21/17 [dkt 30], and as amended 8/11/17 [dkt 32] | $0.00 | $8,068.12 | $8,068.12 |
| | Case Totals | | | $0.00 | $11,974.63 | $11,974.63 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-35487
Case Name: DOROTHY J. BARTLETT
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

| Balance on hand | $ | 24,103.93 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: THE HELMS LAW FIRM PC | $ 1,957.51 | $ 0.00 | $ 1,957.51 |
| Attorney for Trustee Fees: Giagnorio & Robertelli, Ltd. | $ 1,470.00 | $ 0.00 | $ 1,470.00 |
| Attorney for Trustee Expenses: Giagnorio & Robertelli, Ltd. | $ 219.00 | $ 0.00 | $ 219.00 |
| Charges: CLERK OF THE US BANKRUPTCY COURT | $ 260.00 | $ 0.00 | $ 260.00 |
| Other: Urban Assets Recovery Solutions, LLC | $ 8,068.12 | $ 8,068.12 | $ 0.00 |

| Total to be paid for chapter 7 administrative expenses | $ 3,906.51 |
| Remaining Balance | $ 20,197.42 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    The amount of surplus returned to the debtor after payment of all claims and interest is $ 20,197.42 .